IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ANDRE L. SILVERS, | : | CIV. NO. 23-3958 (RMB) |
| | : | |
| Petitioner | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI FORT DIX, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Respondent's status report concerning Petitioner's release from custody of the Bureau of Prisons ("BOP") in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). (Dkt. No. 14); and Petitioner's failure to timely respond to this Court's Order to Show Cause (Dkt. No. 13) why his petition for writ of habeas corpus under 28 U.S.C. § 2241 should not be dismissed as moot.

On or about July 24, 2023, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C § 2241, alleging the Bureau of Prisons violated BOP Program Statement 5410.01 by failing to refer him for residential reentry center ("RRC") placement under the First Step Act ("FSA") because the Commonwealth of Pennsylvania had placed a detainer against his release. (Petr's Mem. of Law, Dkt. No. 1-1 at 4-5.) For relief, Petitioner sought affirmation that detainers do not prevent application of FSA time credits; a finding that BOP violated the law by refusing to

1

submit Petitioner for RRC placement; and an Order directing BOP to immediately process and submit Petitioner for RRC placement. (Petr's Mem., Dkt. No. 1-1 at 11-12.) Respondent requested dismissal of the habeas petition as moot because BOP deemed Petitioner eligible to apply FSA time credits to his prerelease custody. (Respt's Letter, Dkt. No. 11, Declaration of Christina Clark ("Clark Decl."), Dkt. No. 11-1.) BOP began the necessary steps to transfer Petitioner to prerelease custody, with the caveat that if the Commonwealth of Pennsylvania submitted a letter in compliance with § 3623, Petitioner would be transferred to state custody to serve his concurrent sentence, prior to completion of his federal sentence. (Respt's Letter, Dkt. No. 11 at 3, n. 3.) On February 1, 2024, BOP transferred Petitioner to the custody of Pennsylvania for service of his state sentence, and his federal sentence will continue to run while he is in the State's custody. (Declaration of Christina Clark ¶ 2, Dkt. No. 14-1; Ex. 1, Dkt. No. 14-2.)

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted)). A district court may only decide cases "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quoting *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937)). Petitioner's FSA time credits were applied, and he was released to state custody pursuant to a detainer.

Therefore, there is no injury traceable to Respondent that is likely to be redressed by a favorable decision on Petitioner's habeas petition. The petition will be dismissed as moot.

An appropriate Order follows.

**DATE:  April 24, 2024**

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              Chief United States District Judge